UNITED STATES DISTRICT COURT FOR THE
Western District of North Carolina

FILED
CHARLOTTE, NC
APR 26 2023
US DISTRICT COURT
WESTERN DISTRICT OF NC

3:23cv239-GCM

Craig Cunningham, Pro-se
    Plaintiff,

v.

Headstart Warranty Group, LLC, Vehicle Service Department, Sing for Service, LLC dba MEPCO, Michael Stafford, Auto Knight Motor Club, Inc., Midwest Casualty Insurance Company, JCHW, Inc., James Blakey, Timothy Schuur, and John/Jane Does 1-5

    Defendants

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. The Plaintiff is Craig Cunningham and natural person and was a resident of North Carolina at all times relevant to this case.

2. **Headstart Warranty Group, LLC,** is a Texas corporation and can be served via registered agent United Corporate Services, Inc., 815 Brazos Street, ste 500 Austin, Tx 78701

3. **Vehicle Service Department**, is a california corporation that can be served at 6789 Quail Hill Parkway ste 722, Irvine, CA 92603

4. **Sing for Service, LLC dba MEPCO,** is an Illinois corporation and can be served at 10 S. LaSalle St., suite 2310, Chicago, IL 60603 and can be served via registered

agent solutions, Inc., 3000 Professional Dr. ste A, Springfield, IL 62703

5. **Michael Stafford,** is an agent of Vehicle Service Dept or JCHW, LLC and can be served at 6789 Quail Hill Parkway ste 722, Irvine, CA 92603

6. **Auto Knight Motor Club, Inc.,** 10751 Deerwood Park Blvd., ste 200 Jacksonville, FL 32256 and can be served via registered agent at CORPORATE CREATIONS NETWORK INC. 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408

7. **Midwest Casualty Insurance Company** is a Texas corporation that also operates in can be served via registered agent or at their coprorate office 14114 N. Dallas Parkway, ste 600 Dallas, Tx 75254

8. **JCHW, LLC** is a California corporation that can be served via registered agent James Blakey at 1416 Synergy, Irvine, CA 92614 or 20432 Spectrum, Irvine, CA 92618 or

9. James Blakey is a natural person who can be served at 1416 Synergy, Irvine, CA 92614 or 20432 Spectrum, Irvine, CA 92618.

10. **Timothy Schuur** is a natural person and CEO of Headstart Warranty Group, LLC adn can be served at 14114 Dallas Parkway, ste 600 Dallas, Tx 75254 or 26610 Woodpecker Trail, Spicewood, Tx 78669.

11. John/Jane Does 1-5 are currently unknown telemarketers and agents hired by the defendants to make illegal robocalls that will be identified through discovery.

## JURISDICTION AND VENUE

12. **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012). This Court has

supplemental subject matter jurisdiction over Plaintiff's claim arising under North Carolina Law because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; so it is unlikely to predominate over the TCPA claims.

13. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendants because they have repeatedly placed calls to North Carolina residents to North Carolina numbers, and derive revenue from North Carolina residents residents, and they sell goods and services to North Carolina residents, including the Plaintiff as evidenced by the car warranty polices they shipped to the Plaintiff's North Carolina address under the name of Dan Cooper.

14. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of Defendants.

15. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at North Carolina residents, including the Plaintiff— occurred in this District and because the Plaintiff resides in this District.

16. This Court has venue over the Defendants because the calls at issue were sent by or on behalf of the above named Defendants to the Plaintiff who was a North Carolina resident at all times relevant.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## 47 U.S.C. § 227

17. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing and to regulate the explosive growth of the

telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing... can be intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

18. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

19. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

20. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b). 47 U.S.C. § 227(b)(3).

21. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

22. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

23. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

24. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

25. In 2013, the FCC required "prior express written consent" for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

26. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." In the Matter of

Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

27. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

28. Under the TCPA, a text message is a call. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 – 52 (9th Cir. 2009).

29. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. E.g., Jackson Five Star Catering, Inc. v. Beason, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); Maryland v. Universal Elections, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## THE NORTH CAROLINA STATE TELEMARKETING REGULATIONS
### Article 4, ssection 75-102

30. North Carolina restricts telephone solicitations and provides a private right of action per state law.

31. Defendants violated 75-102(c)(1), 75-102(c)(2), 75-102(c)(3), 75-102(c)(4) and 75-102(d) and 75-102(e), 75-102(i) and 75-104(a).

32. Per section 75-105, Plaintiff is entitled to $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and each subsequent violation. Plaintiff alleges multiple violations of the North Carolina statute occured in each call.

33. Plaintiff estimates the damages for the first call to be

## FACTUAL ALLEGATIONS

34. The Plaintiff is a natural person.

35. The Plaintiff was called on 980-280-7973 and used the pseudonym Dan cooper during the call merely to identify the calling parties.

36. This number is for a service that the Plaintiff is charged by the minute per call

37. This telephone number is a residential number and is used by the Plaintiff solely.

38. The Plaintiff received multiple calls on behalf of the multiple related defendant entities selling the extended car warranty services of Matrix Financial Services, LLC and resulted in a policy being sold VSD00000152 on or about 12/1/2022. The plaintiff was sent a policy that listed each of the above named defendants in it or their respective corporations for the individuals.

39. Defendants routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

40. Despite these prior lawsuits, Defendants haved failed to reform their business practices to being them in compliance with the TCPA.

**Alleged calls to the Plaintiff and violations of 47 USC 227(b)**

41. Plaintiff Cunningham received multiple calls from a variety of spoofed caller ID's that were initiated using an automated telephone dialing system. The calls were on behalf of each Defendants in this case offering their products/services as a result of the calls. The calls had a delay of 3-4 seconds of dead air after the Plantiff picked up the phone before the agent answers the call indicating the calls were initiated using an ATDS. The Plaintiff received calls directly from the corporations and on behalf of these corporations by 3rd party telemarketers for both direct and vicarious liability in this case.

42. Plaintiff received multiple calls from multiple spoofed and non-working caller ID's all designed to trick consumers into picking up the phone by using false, misleading, and fraudulent caller ID's. These calls were not related to any emergency purpose. Plaintiff estimates at least 25 calls were placed to his cell phone by the defendants in the past 4 years.

## The Plaintiff's cell phone is a residential number

43. Plaintiff's cellular phone 980-280-7973 is a personal cell phone that heuses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in her personal name, pays the cell phone from her personal accounts, and the phone is not primarily used for any business purpose.

## I. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without her prior express written consent.

3. Plaintiff is entitled to an award of at least $500 in damages for each and every violation, purrsuant to 47 U.S.C. § 227(b)(3)(B).

4. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))
### (Against All Defendants)

6. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

    b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

    c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and Defendants name in the solicitations.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

# III. THIRD CLAIM FOR RELIEF

## (Violations of the North Carolina Telemarketing Regulations Chapter 75, article 4 et seq)

11. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of Chapters 75-102(c)(1), 75-102(c)(2), 75-102(c)(3), 75-102(c)(4) and 75-102(d) and 75-102(e), 75-102(i) and 75-104(a).

13. Plaintiff is entitled to an award of $500 for the first violation, $1,000 for the second violation and $5,000 for the third and all subsequent violations, along with attorney's fees and costs. Plaintiff is alleging multiple violations of the statute in each call.

# IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against all the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOEs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and North Carolina state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individuals for each call.

E. An award of not less than $15,000 in statutory damages arising from violations of the North Carolina telemarketing laws per call

F. An award to Plaintiff of damages, as allowed by law under the TCPA;

G. An award to Plaintiff of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

4/20/2023

**Craig Cunningham, Plaintiff,** *Pro Se*
3000 Custer Road, Ste 270-206
Plano, Tx 75075