# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-00239-GCM

| | |
|---|---|
| CRAIG CUNNINGHAM, PRO SE,<br><br>Plaintiff,<br><br>v.<br><br>HEADSTART WARRANTY GROUP, LLC; VEHICLE SERVICE DEPARTMENT; SING FOR SERVICE, LLC, DBA MEPCO; MICHAEL STAFFORD, AUTO KNIGHT MOTOR CLUB, INC.; MIDWEST CASUALTY INSURANCE COMPANY; JCHW, INC.; JAMES BLAKEY; TIMOTHY SCHUUR; AND JOHN/JANE DOES 1-5,<br><br>Defendants. | **ORDER** |

This matter is before the Court on Defendants Headstart Warranty Group, LLC; JCHW, INC.; James Blakey; Timothy Schuur; and Sing for Service, LLC d/b/a Mepcos' Motions to Dismiss the Complaint.[1] (Doc. Nos. 13, 15 and 22.) Upon careful consideration of the arguments submitted by the parties, this matter is **TRANSFERRED** to the United States District Court for the Northern District of Texas as to Defendants Headstart Warranty Group, LLC; Vehicle Service Department; Sing for Service, LLC d/b/a Mepco; Michael Stafford; Midwest Casualty Insurance Company; JCHW, Inc.; James Blakey; Timothy Schuur; and John/Jane Does 1-5.

---

[1] The Court previously dismissed the Complaint as against Defendant Auto Knight Motor Club, Inc. for lack of personal jurisdiction. (*See* Doc. No. 33.)

I.  BACKGROUND AND PROCEDURAL HISTORY

On April 26, 2023, Plaintiff Craig Cunningham filed a complaint under the Telephone Consumer Protection Act ("TCPA"), as applied by 47 C.F.R. § 64.1200(d), and its North Carolina counterpart, the North Carolina Telephone Solicitations Act ("NCTSA"). (Doc. No. 1). *See* 47 U.S.C. § 227(b); 47 C.F.R. §64.1220(d); N.C. GEN. STAT. §75-102. Plaintiff's Complaint alleges he is a resident of North Carolina and uses his cellular phone for "personal, family, and household use." (Doc. No. 1 at ¶¶ 1, 43.) Plaintiff further alleges he "received multiple calls on behalf of the multiple related defendant entities selling the extended car warranty services of Matrix Financial Services, LLC and resulted in a policy being sold . . . ." (*Id*. at ¶ 38.) The calls were allegedly initiated using an automatic telephone dialing system "on behalf of each Defendants in this case." (*Id*. at ¶ 41.)  His three claims allege violations of the TCPA, 47 C.F.R. § 64.1200(d), and the NCTSA from these phone calls, which Plaintiff estimated happened at least 25 times in the past four years. (*Id*. at ¶ 42.)

Defendants Headstart Warranty Group, LLC; JCHW, INC.; James Blakey; and Timothy Schuur have filed a motion to dismiss pursuant to the Federal Rules of Civil Procedure. (Doc. No. 15.) Defendants cite to Rule 12(b)(3) for improper venue, Rule 12(b)(6) for failure to state a plausible claim for relief, and Rule 12(b)(1) for lack of subject matter jurisdiction for failure to plead facts to show standing under Article III of the United States Constitution. (Doc. No. 15 at 1.) Similarly, Defendant Sing for Service, LLC d/b/a Mepco ("Mepco") has filed a motion to dismiss pursuant to Rule 12(b)(6) and Rule 8(a) of the Federal Rules of Civil Procedure for failure to state a claim. (Doc. Nos. 13 and 22.)

## II. DISCUSSION

### A. Standard of Review

Courts first consider venue when ruling on a motion to dismiss based upon different provisions of the Federal Rules of Civil Procedure, and if venue is found to be improper, the transferee court will decide the remaining bases for the motion to dismiss. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013); *DFW Aviation, LLC v. Mansfield Heliflight, Inc.*, No. 1:19-CV-481-LY, 2019 WL 5072883, at *2 (W.D. Tex. Oct. 9, 2019) (recommending transferee court decide Defendant's alternative Motion to Dismiss under Rule 12(b)(6)); *A-76 Techs., Inc. v. Mass Mgmt., LLC*, No. 3:21-cv-00496-FDW-DSC, 2021 WL 6202790, at *1 (W.D.N.C. Oct. 6, 2021).

A plaintiff has the burden to "establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996); *Oates v. N.C. State Treasurer*, No. 3:15-CV-541-GCM, 2016 WL 3226012, at *1 (W.D.N.C. June 7, 2016) (citing *Bartholomew v. Va. Chiropractors Ass'n Inc.*, 612 F.2d 812, 816 (4th Cir. 1979), *overruled on other grounds by Union Lab. Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982)). Generally, courts rule on questions of venue based on the pleadings, but are "not obliged, however, to treat all allegations as true, no matter how speculative, *conclusory*, or lacking of necessary supporting factual allegations." *Bartko v. Wheeler*, No. 1:13CV1006, 2014 WL 29441, at *8 (M.D.N.C. Jan. 3, 2014) (emphasis in original) (internal citation omitted). However, "a complaint must allege a *factual basis* for its legal claims" for venue. *Id.* Courts are also permitted to "freely consider evidence outside the pleadings" when ruling on a Rule 12(b)(3) motion. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544 (4th Cir. 2006). Additionally, when a federal claim is dismissed pursuant to Rule 12(b)(3), the court will decline

to exercise supplemental jurisdiction over corresponding state law claims. *See e.g.*, *Snow v. Gen. Elec. Co.*, No. 5:18-CV-511-FL, 2019 WL 2500407, at *7 (E.D.N.C. June 14, 2019), *appeal dismissed*, No. 19-1724, 2019 WL 7500455 (4th Cir. Dec. 30, 2019) (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over state claims upon dismissal of TCPA claim).

When evaluating whether venue is proper, "the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b)." *Atl. Marine*, 571 U.S. at 56. Pursuant to § 1391(b),

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is proper for individuals in their "place of permanent residence or legal domicile, not where they may otherwise establish ties or occasionally work or visit" and corporations "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 634 (E.D. Va. 2003); 28 U.S.C. § 1391(c). This has been interpreted to authorize proper venue where there is specific jurisdiction over a defendant. *See, e.g., Barajas-Murphy v. Online Learning Consortium, Inc.*, No. CV 18-08339-AB (SSx), 2019 WL 13044623, at *2 (C.D. Cal. Jan. 9, 2019). Specific jurisdiction requires that the defendant "purposefully avail[ ] itself of the privilege of conducting activities within the forum State" and the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the

4

state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Specifically, in TCPA cases, courts have held that venue is proper under 28 U.S.C. § 1391(b)(1) or (b)(2) in the district from which the at-issue call originated or, more commonly, where the call was received. *See, e.g., Fitzhenry v. Guardian Prot. Servs., Inc.*, No. 16-1253, 2016 WL 6652760 (W.D. Pa. Nov. 9, 2016); *Blair v. CBE Grp., Inc.*, No. 13-CV-134-MMA(WVG), 2013 WL 2029155 (S.D. Cal. May 13, 2013); *LaGuardia v. Designer Brands, Inc.*, No. 19cv1568 JM(BLM), 2020 WL 2463385 (S.D. Cal. May 7, 2020).

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits an action to be dismissed for improper venue. FED. R. CIV. P. 12(b)(3). Alternatively, a court may transfer the action to a proper venue pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a) "in the interest of justice." *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Such transfer may be made *sua sponte* even if the parties have not specifically requested it. *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, No. 3:12-cv-559-RJC-DCK, 2014 WL 7408645, at *5 (W.D.N.C. Dec. 31, 2014) (citing *Feller v. Brock*, 802 F.2d 722, 731 (4th Cir. 1986)). A transfer to cure improper venue is permitted to "any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404 (a). When the option to transfer is available, courts prefer to transfer rather than dismissing a case outright under Rule 12(b)(3). *See, e.g., Datasouth Comput. Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446 (W.D.N.C. 1989); *Simpson Performance Prods., Inc. v. Necksgen, Inc.*, No. 5:16-CV-00153-RLV-DCK, 2017 WL 3616764 (W.D.N.C. Aug. 23, 2017); *DFW Aviation*, No. 1:19-CV-481-LY, 2019 WL 5072883 at *2; *A-76 Techs.*, No. 3:21-cv-00496-FDW-DSC, 2021 WL 6202790 at *1. This preference is consistent with the principle that an improper venue should not end an otherwise valid case on a simple technicality. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 464 (1962); *A-76 Techs.*, No. 3:21-

5

cv-00496-FDW-DSC, 2021 WL 6202790 at *1. Forum shopping is also cured by a transfer and supports the notion of judicial economy by avoiding the process of re-filing the entire case with a new venue. *See Goldlawr*, 369 U.S. at 467.

When deciding whether to transfer or dismiss a case for improper venue, a court must balance the following factors to find if the transfer is "in the interest of justice" as required by § 1404(a):

(1) plaintiff's initial choice of forum;

(2) the residence of the parties;

(3) the relative ease of access of proof;

(4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

(5) the possibility of a jury view;

(6) the enforceability of a judgment, if obtained;

(7) the relative advantages and obstacles to a fair trial;

(8) other practical problems that make a trial easy, expeditious, and inexpensive;

(9) the administrative difficulties of court congestion;

(10) the interest in having localized controversies settled at home; and

(11) the avoidance of unnecessary problems with conflict of laws.

*Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 239 (W.D.N.C. 2008) (citing *Jim Crockett Promotions, Inc. v. Action Media Grp., Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990)). The assessment must be made qualitatively, not purely quantitatively. *Id.* If the venue is found to be improper, the court must select a forum that satisfies the test under 28 U.S.C. § 1391(b) for proper

venue in light of the factors listed above. *See e.g.*, *Cunningham v. Daybreak Solar Power, LLC*, No. 3:22-CV-9-MOC-DCK, 2022 WL 2759074 (W.D.N.C. July 14, 2022).

### B. Analysis

Defendants Headstart Warranty Group, LLC; JCHW, INC.; James Blakey; and Timothy Schuur argue that Plaintiff failed to meet his burden of showing that venue is proper in Western District of North Carolina and therefore, the action should be dismissed. (Doc. No. 15 at 9.) Since Plaintiff failed to allege any of the Defendants in this action are residents of North Carolina or subject to specific jurisdiction here, the Court agrees this is an improper venue. In lieu of dismissing this action, the Court exercises its discretion to transfer Defendants Headstart Warranty Group, LLC; Vehicle Service Department; Sing for Service, LLC d/b/a Mepco; Michael Stafford; Midwest Casualty Insurance Company; JCHW, Inc.; James Blakey; Timothy Schuur; and John/Jane Does 1-5 to the Northern District of Texas.[2] In doing so, the Court also declines to exercise supplemental jurisdiction over Plaintiff's NCTSA claim and transfers Plaintiff's claims in their entirety as to these Defendants.

Plaintiff fails to meet his burden of alleging a sufficient factual basis to support his contention that venue in this district is proper under § 1391. Plaintiff readily admits that the Defendants are out of state corporations or natural persons of California, Texas, and Illinois. (Doc. 1 at 1-2.) He attempts to fall back on § 1391(b)(2) by stating that venue is proper "because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at North Carolina residents, including the Plaintiff—occurred in this District and because Plaintiff resides in this District." (Doc. 1 at 3.) Yet, Plaintiff does not offer factual support to show

---

[2] Defendants Headstart Warranty Group, LLC; JCHW, INC.; James Blakey; and Timothy Schuur requested the Court transfer the case to the Northern District of Texas should the motion to dismiss not be granted. (Doc. No. 15 at 3.) Plaintiff also requested a transfer to another venue if the Court found venue to be improper. (Doc. No. 24 at 2.)

7

that "a substantial part of the events giving rise to the claim" occurred in North Carolina or that the Defendants "purposefully avail[ed themselves] of the privilege of conducting activities within the forum State . . . ." *See Ford Motor Co.*, 141 S. Ct. at 1024. Plaintiff vaguely alleges that he was a resident of North Carolina at the time of the calls and that he had a cellphone under an assumed name with a North Carolina area code.[3] He does not specifically state that he was in North Carolina when he received the calls nor that the Defendants' alleged calls originated in North Carolina. *See Cunningham*, 2022 WL 2759074 at *4 (W.D.N.C. July 14, 2022). Therefore, Plaintiff's unsubstantiated and vague claims of proper venue fail.

Instead of dismissing this matter for improper venue, the Court exercises its discretion to transfer this case as to Defendants Headstart Warranty Group, LLC; Vehicle Service Department; Sing for Service, LLC d/b/a Mepco; Michael Stafford; Midwest Casualty Insurance Company; JCHW, Inc.; James Blakey; Timothy Schuur; and John/Jane Does 1-5 to the Northern District of Texas. Pursuant to the factors outlined in *Scholl*, the majority favor transfer to Texas or do not favor either forum. The first factor, Plaintiff's initial choice of forum, is the only factor of eleven that weighs against transfer to Texas. The second factor, the residence of the parties, requires an examination of Plaintiff's residence. Even though Plaintiff asserts in his Complaint that he "was a resident of North Carolina at all times relevant to this case," residence for determining venue must be a permanent residence or legal domicile. Plaintiff does not claim either is in North Carolina. The Court may consider extrinsic evidence in evaluating proper venue, and Defendants Headstart Warranty Group, LLC; JCHW, INC.; James Blakey; and Timothy Schuur have provided evidence that Plaintiff's permanent residence is Texas. *See Sucampo Pharms., Inc.,* 471 F.3d at 544; (Doc.

---

[3] Defendants Headstart Warranty Group, LLC; JCHW, INC.; James Blakey; and Timothy Schuur correctly note that Plaintiff has alleged that he is a citizen and resident of Texas in at least two other federal cases. The Court is persuaded by Defendants' argument that the Court cannot infer that Plaintiff received the call in North Carolina, that it originated from North Carolina, or that Plaintiff's claim arises out of any alleged conduct in this district. (Doc. 15-1 at 10-11.)

8

No. 15-1 at 10-11.). Furthermore, Plaintiff's address under his signature block on the Complaint indicates that he currently resides in Texas.[4] (Doc. 1. at 12.) The Court thus finds that the second factor weighs in favor of transfer. The third, fourth, seventh, eighth, and tenth factors also favor transfer to Texas. Access to proof, availability of witnesses, and other trial-related issues would be much easier to resolve in Texas, given that the majority of parties reside in that state. Likewise, the sixth factor, the enforceability of judgment, also favors transfer because a Texas court could enforce a judgment more easily due to the parties' stronger ties to Texas versus North Carolina. The remaining factors are neutral and do not appear to weigh in favor of Texas or North Carolina.

### III. CONCLUSION

For the foregoing reasons the Court will transfer venue of this case as to Defendants Headstart Warranty Group, LLC; Vehicle Service Department; Sing for Service, LLC d/b/a Mepco; Michael Stafford; Midwest Casualty Insurance Company; JCHW, Inc.; James Blakey; Timothy Schuur; and John/Jane Does 1-5 to the Northern District of Texas.

---

[4] The Court does not find Plaintiff's Vehicle Service Contract, attached and incorporated to the Complaint, as conclusory evidence of Plaintiff's permanent residency. The contract contains Plaintiff's pseudonym and Plaintiff does not allege in his Complaint that his permanent residency is the Charlotte address listed. (*See* Doc. 1-2.)

9

## ORDER

**IT IS THEREFORE ORDERED** that:

1. This action is **TRANSFERRED** to the United States District Court for the Northern District of Texas as to Defendants Headstart Warranty Group, LLC; Vehicle Service Department; Sing for Service, LLC d/b/a Mepco; Michael Stafford; Midwest Casualty Insurance Company; JCHW, Inc.; James Blakey; Timothy Schuur; and John/Jane Does 1-5; and

2. The Clerk is instructed to **TERMINATE** this action in this district.

Signed: March 6, 2024

Graham C. Mullen
United States District Judge